33

**KENNY, SNOWDEN & NORINE**

A LAW CORPORATION
P.O. BOX 994608
REDDING, CA 96099-4608

(530) 225-8990

FAX: (530) 225-8944

MARGARET ENGELHARDT LONG, SBN 227176

Attorneys for RESTORATION GROUP, INC. dba
PUROFIRST DISASTER & RECONSTRUCTION;
ROBERT CRONIC

**FILED**

DEC 08 2009

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

DPAS

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

In re:                                          CASE NO.  09-00206-C

DAVID R. MICHAL,

      Debtor                              **RESPONSE TO ORDER TO SHOW
                                                 CAUSE**

_____/

PATRICIA A. MCCOLM,
                                                 Northern District of Georgia
      Plaintiffs,                         Case No 05-80212

vs.                                              Adversary No. 06-9036

DAVID R. MICHAL, ET. AL.

      Defendants.

_____/

    COMES NOW RESTORATION GROUP, INC., dba PUROFIRST DISASTER &
RECONSTRUCTION and ROBERT CRONIC and responds to the Court's Order to Show Cause as
follows:

    1.    This law firm represents RESTORATION GROUP, INC., dba PUROFIRST
DISASTER & RECONSTRUCTION and ROBERT CRONIC in a lawsuit it filed against Patricia

McColm's father, Geroge McColm, in the Superior Court of California, Shasta County case number 153509. This case was filed on July 9, 2004 and continues to this day, in large part due to Ms. McColm's involvement. Mr. McColm's house suffered fire damage, which Restoration Group, Inc. cleaned; Mr. McColm was reimbursed for the work by his insurance company, but failed to pay Restoration Group. McColm has attempted to use Restoration Group's lawsuit against her father to litigate her own issues relating to her personal property, which she alleges was improperly taken by plaintiff. Plaintiff has filed a Motion for Leave Intervene, a Renewal Amended Motion for Leave Intervene and an Amended-Cross Complaint in her name to obtain this property, all of which were rejected by this Court.

2.    Following Mr. McColm's death on May 4, 2007, there was a lengthy delay in establishing his estate. Finally, Ms. McColm was named the executor and personal representative of the estate of George McColm, and Restoration Group obtained leave of the Court to substitute in as defendant in this matter.

3.    On December 15, 1995, the San Francisco Superior Court declared Ms. McColm to be a vexatious litigant, and ordered her to seek leave of Court prior to bringing a civil lawsuit. See Order of Court, attached hereto as Exhibit "A." Ms. McColm has a long history of inappropriate behavior, which this office has experienced first hand. See Declaration of Stacey Woodard, Attached as Exhibit "B."

4.    Defendant David R. Michal is Mr. Cronic's former partner at Restoration Group. Mr. Michal has no involvement with the litigation in Shasta County California and does not have possession of any of the property removed from Mr. McColm's residence by Restoration Group.

5.    Mr. Cronic was served with subpoenas for deposition and production of documents. Mr. Cronic provided the subpoenas to this office for review. After careful consideration, it was determined that it was essential that this office represent Mr. Cronic in this deposition. Not only did it appear that Ms. McColm was attempting to use her case against Mr. Michal as a means to obtain discovery in the Shasta County case, but also, Ms. McColm has a habit of being very abusive especially during depositions, which I have experienced first hand.

6.    Due to my unavailability, I requested that my secretary, Stacey Woodard, contact Ms. McColm to reschedule the deposition until a later date. See declaration of Stacey Woodard, Attached as Exhibit "B." I was sitting in my office as Ms. Woodard spoke with Ms. McColm, and could hear Ms. McColm screaming at her through the telephone.

KENNY, SNOWDEN & NORINE
A LAW CORPORATION
P.O. BOX 994608
REDDING, CA 96099-4608

Response to Order to Show Cause

7.    On October 14, 2009, I sent a letter to Ms. McColm confirming her conversation with my secretary regarding rescheduling the deposition, and provided alternative dates, which were within a reasonable time frame. See Letter Attached hereto as Exhibit "C." Ms. McColm requested that we fax this letter to her attorney, David Griffith, which we did.

8.    Ms. McColm's reply to my October 14, 2009 letter is attached hereto as Exhibit "D."

9.    I have not received any communication from Ms. McColm regarding rescheduling the depositions. Mr. Cronic has never refused to submit to this deposition or document production. Mr. Cronic merely requested an extension so that he could be represented by counsel.

10.    It is my understanding that trial in this case took place on December 3, 2009 in Georgia. Mr. Michal's attorney, Robert Schwartz, contacted me following the trial and informed me that Ms. McColm failed to appear at the trail. Ms. Schwartz further stated that the Judge indicated his intent to dismiss the case and issue sanctions against Ms. McColm if she does not voluntarily dismiss the case within a specified period of time.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. Executed this _____ day of December, 2009 at Redding, California.

Respectfully submitted,

KENNY, SNOWDEN & NORINE

MARGARET ENGELHARDT LONG
Attorneys for RESTORATION GROUP, INC., dba
PUROFIRST DISASTER & RECONSTRUCTION
and ROBERT CHRONIC

6730/129937

KENNY, SNOWDEN &
NORINE
A LAW CORPORATION
P.O. BOX 994608
REDDING, CA 96099-4608

Response to Order to Show Cause

3

CALIFORNIA SUPERIOR COURT

CITY AND COUNTY OF SAN FRANCISCO

DEPARTMENT NUMBER TEN

| | | |
|---|---|---|
| PATRICIA McCOLM, | ) | NO. 965774 |
| Plaintiff, | ) | ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT, REQUIRING PLAINTIFF TO FURNISH SECURITY, AND REQUIRING A PREFILING ORDER FOR FUTURE LITIGATION |
| vs. | ) | |
| DAVID JORDAN, et al., | ) | |
| Defendants. | ) | |

This matter came before this Court on November 29, 1995, the Honorable David A. Garcia, presiding. Having considered all the papers submitted by the moving and opposing parties and the parties' oral arguments,[1] **IT IS HEREBY ORDERED** that the Defendant's motion to declare the Plaintiff Patricia A. McColm a vexatious litigant is **GRANTED**.

---

   [1] In deciding this motion, this Court only considered the moving and opposing parties' papers and not the papers filed by other interested parties.

Exhibit "A"

1     This Court finds that Patricia McColm falls within the

2 meaning of Code of Civil Procedure sections 391(b)(1) and (3)[*].

3 Defendant's motion to require plaintiff to furnish security

4 pursuant to section 391.1 is **GRANTED** in the amount of $25,000;

5 and Defendant's motion for a pre-filing order pursuant to section

6 391.7 is **GRANTED**.

7     This Court's decision is based on the following Statement of

8 Decision.

9 STATEMENT OF DECISION

10 FACTS

11     The Defendant David M. Jordan, owns California Rug Cleaners,

12 which alters, repairs, and cleans expensive rugs.  California Rug

13 Cleaners also offers free pickup and delivery service in

14 conjunction with these services. (Declaration of David M. Jordan

15 filed September 22, 1995).

16     The Defendant agreed to clean several rugs belonging to the

17 plaintiff, Patricia McColm.  On December 18, 1993, Mr. Jordan

18 returned Ms. McColm's rugs to her home.  After examining the

19 rugs, Ms. McColm expressed dissatisfaction with the results.  Mr.

20 Jordan offered to re-clean one of the rugs for free.  However,

21 Ms. McColm absolutely refused to pay for the cleaning service.

22 (Declaration of Patricia A. McColm filed September 20, 1995).

23     In her declaration, Ms. McColm alleges that Mr. Jordan

24 became very hostile and repeatedly threatened her after she

25

26 _____

27 [*] All statutory references hereinafter are to the Cal. Code of Civ. Proc. unless otherwise stated.

28          2

1 | refused to pay for his services. When she refused to let Mr.
2 | Jordan leave with her rug, he yanked the rug out from under her,
3 | which, in turn, caused her to fall and break her toe. (Decl. of
4 | Patricia A. McColm). In his declaration to this Court, Mr.
5 | Jordan denies striking plaintiff and pulling the rug out from
6 | under Ms. McColm. Mr. Jordan admits that he did in fact take the
7 | rug, but that he did so only after Ms. McColm refused to pay for
8 | the cleaning service. Mr. Jordan states that he left Ms.
9 | McColm's house when she became hysterical and called 911. (Decl.
10 | of David Jordan).

11 | Ms. McColm subsequently filed a police report and caused an
12 | arrest warrant for Mr. Jordan to be issued by the District
13 | Attorney's office. The police arrested Mr. Jordan, and he was
14 | jailed for several hours. After a brief investigation, the
15 | District Attorney's office dismissed the charges against Mr.
16 | Jordan. (Declaration of Andrew C. Bannon in support of
17 | defendant's motion to have plaintiff declared a vexatious
18 | litigant filed November 22, 1995).

19 | On December 13, 1994, Ms. McColm filed this lawsuit alleging
20 | assault and battery, trespass, fraud, negligence, and property
21 | damage. The plaintiff did not serve the Summons and Complaint on
22 | the defendant until July 6, 1995.

23 | On July 28, 1995, Defendant Jordan filed a motion to declare
24 | Ms. McColm a vexatious litigant, to require Ms. McColm to furnish
25 | security in the amount of $75,000, and to obtain a prefiling
26 | order.

27 |

28 | .3

1    In his moving papers, Mr. Jordan asserted that Ms. McColm is

2    a vexatious litigant because she has commenced at least five

3    litigations in propria persona during the past seven years that

4    have been determined adversely against her or which have been

5    unjustifiably permitted to remain pending at least two years

6    without trial or hearing. (Section 391(b)(1)). Alternatively,

7    Mr. Jordan contended that Ms. McColm qualifies as a vexatious

8    litigant because in prior litigation she has filed unmeritorious

9    motions, pleadings, or other papers, and conducted unnecessary

10   discovery, or engaged in other tactics that were frivolous or

11   solely intended to cause unnecessary delay. (Section 391(b)(3)).

12   This Court finds that there is sufficient evidence to support

13   Jordan's contentions. Therefore, this Court declares Ms. McColm

14   a "vexatious litigant" within the meaning of section 391(b)(1)

15   and (3).

16

17   COURTROOM CAMERA

18   As a preliminary matter, Ms. McColm objected to the presence

19   of a television camera in the court and requested its removal.

20   Ms. McColm complained that she failed to receive adequate notice

21   of the camera's presence. However, Ms. McColm failed to state

22   any other reasons for its removal. Ms. McColm, asserted, inter

23   alia, that "the Rules of Court prohibit cameras in the courtroom

24   as a general rule." (Transcript of Hearing 4:8-4:12). In

25   addition, Ms. McColm requested that the Court provide a reason

26   why the camera should be allowed in the courtroom. Id. The Court

27

28                              4

1 responded that the television company made an appropriate request

2 for film coverage on a Judicial Council approved form.

3      However, this Court would like to take this opportunity to

4 more fully respond to Ms. McColm's objection. Rules of Court 980

5 governs the presence of cameras in the courtroom.[3] Contrary to

6 Ms. McColm's assertion, the current version of Rule 980[4], clearly

7 indicates that a court should allow for cameras in the courtroom

8 upon proper request unless it finds the rights of the parties,

9 the dignity of the court, or the orderly conduct of the court

10 proceedings would be jeopardized by the presence of cameras[5].

11 Rule 980 leaves courts broad discretion to "refuse, limit or

12 terminate film or electronic media coverage in the interests of

13 justice." (KFMB-TV Channel 8 v. Municipal Court (1990) 221 Cal.

14 App.3d 1362, 1367). In addition, the rule indicates that it is

15 not to be construed to "limit or restrict the rights of the media

16

17     [3] Rule 980 provides that "[f]ilm or electronic media
coverage is permitted only on written order of the court. The
18 court may refuse or limit or terminate film or electronic media
coverage in the interest of justice to protect the rights of the
19 parties and the dignity of the court, or to assure the orderly
conduct of the proceedings. This rule does not otherwise limit
20 or restrict the right of the media to cover and report court
proceedings" (Rules of Court 980).
21

22     [4] Rule 980 became effective on July 1984.

23     [5] In KFMB-TV Channel 8 v. Municipal Court, (1990) 221 Cal.
App.3d 1362, 1367), the Court of Appeal traced the history of
24 Rule 980. The court noted that rule 980 was initially adopted to
prohibit media coverage of courtroom proceedings with the
25 exception of certain narrow ceremonial proceedings. However, the
current version of the rule "recognizes that media access should
26 be granted except where to do so will interfere with the rights
of the parties, diminish the dignity of the court, or impede the
27 orderly conduct of the proceedings" (Id. at 1368-69).

28                                         5

1   to cover and report court proceedings." (Rules of Court 980).

2   Thus, the underlying premise of the rule is that cameras should

3   be permitted in the courtroom subject to the discretion of the

4   court.

5      Rule 980 furthermore requires that the request for media

6   coverage should be made within a reasonable time and the parties

7   be promptly notified. The purpose of this provision is to give

8   the court adequate notice and sufficient time for the court to

9   arrive at a reasoned decision on whether the request should be

10   granted, and if so, what restrictions, if any, should be imposed.

11   (FMB-TV Channel 8, 221 Cal. App.3d at 1369-1370).

12      In this case, there was no reason to believe that the rights

13   of Ms. McColm would be or were jeopardized by the presence of a

14   camera in the courtroom. Furthermore, there was no evidence

15   showing that the presence of the camera, would in any way, affect

16   the dignity of the Court or the orderly conduct of its

17   proceedings. Thus, this Court acted properly in allowing the

18   camera in the courtroom to videotape the proceeding.

19

20   NOTIFICATION OF PARTIES

21      Rule 980(b)(1) provides that the request for media coverage

22   should be made within a reasonable time and the parties be

23   promptly notified. The purpose of this provision is to give the

24   court adequate notice and sufficient time for the court to arrive

25   at a reasoned decision on whether the request should be granted

26   and if so, what restrictions, if any, should be imposed. (KFMB-TV

27

28                          6

1 | <u>Channel 8</u>, 221 Cal. App.3d at 1369-1370). Notification would

2 | allow the parties to adequately advise the court whether the

3 | request should be granted.

4 |     The Court received the media request the day before the

5 | hearing and notified Ms. McColm of its order at its first

6 | available opportunity preceding the commencement of the hearing.

7 | Ms. McColm communicated her objections to the Court before

8 | filming of the proceedings began. Her objections to the filming

9 | were considered in chambers before the hearing and were rejected.

10 | Ms. McColm reiterated her objection to filming at the beginning

11 | of the hearing. This Court noted and rejected her objections for

12 | the record. As discussed above, the Court did not find good

13 | cause to exclude the camera in the courtroom. Thus, the purpose

14 | of the notification provision was served since this Court

15 | adequately considered Ms. McColm's objections prior to and during

16 | the hearing, and made a reasoned decision to allow the presence

17 | of a camera in the courtroom.

18 |

19 | <u>PLAINTIFF QUALIFIES AS A VEXATIOUS LITIGANT</u>

20 | <u>UNDER SECTION 391</u>

21 |

22 |     The term "vexatious litigant" as defined by section

23 | 391(b)(1) is a person who, "[i]n the immediately preceeding

24 | seven-year period has commenced, prosecuted, or maintained in

25 | propria persona at least five litigations other than in a small

26 | claims court that have been finally determined adversely to the

27 | person; or unjustifiably permitted to remain pending at least two

28 | 7

1  ·years without having been brought to trial or hearing." (Section

2  391(b)(1)).

3       Section 391(b)(1) applies to Ms. McColm.  In the past seven

4  years, Ms. McColm, has, maintained in propria persona at least

5  five civil actions in Superior and Municipal Courts of San

6  Francisco County and in the Northern District of California that

7  have been adversely determined against her or have been

8  unjustifiably permitted to remain pending for more than two years

9  without having it brought to trial:

10       1.  <u>McColm v. San Francisco Plastic Surgeons, Inc</u>., civ.

11  no. 882809.  Ms. McColm filed this case in Superior Court on

12  October 15, 1987.  Ultimately, the court granted defendants'

13  motion for mandatory dismissal due to plaintiff's failure to

14  bring the case to trial within the required five-year statutory

15  period.  The court dismissed the appeal on January 7, 1994.

16       2.  <u>McColm v. Sangiacomo</u>, civ. no. 940930. Ms. McColm filed

17  this case in Superior Court on February 27, 1992.  Ms. McColm

18  repeatedly refused to attend scheduled depositions.  The court

19  dismissed this case with prejudice on October 6, 1992, due to

20  terminating sanctions.  Ms. McColm filed an appeal on November

21  30, 1992.  The Court of Appeal dismissed Ms. McColm's appeal on

22  February 1, 1995.

23       3.  <u>McColm v. City and County of San Francisco, Board of</u>

24  <u>Permit Appeals</u>, civ. no. 968207.  Ms. McColm filed this case in

25  Superior Court on March 21, 1995.  The court considered this case

26  to be a writ of mandate pursuant to Section 1085.  The court

27

28                               8  .

1  denied Ms. McColm's petition on April 1, 1995.  Thereafter, the

2  court denied plaintiff's motion to vacate and set aside judgment

3  for the defendant on August 29, 1995.

4       4.  <u>McColm v. University of San Francisco</u>, civ. no. 945052.

5  Ms. McColm filed this case in Superior Court on August 7, 1992.

6  Ms. McColm transferred this case to Municipal Court on June 26,

7  1993.  Ms. McColm then requested that it be transferred to Small

8  Claims Court on September 14, 1995.  This lawsuit appears to be

9  subject to discretionary dismissal pursuant to section 583.420

10 et. seq.

11      5.  <u>McColm v. State Bar of California</u>, civ. no. 853700.

12 Ms. McColm filed this case in Superior Court on February 26,

13 1986.  The State Bar's motion for mandatory dismissal pursuant to

14 Section 583.310. et. seq. is scheduled to be heard on January 17,

15 1996.

16      •6.  <u>McColm v. Bank of America</u>, civ. no. 041404.  Ms. McColm

17 filed this case in Municipal Court on April 26, 1990.  Ms. McColm

18 served the Complaint upon the defendant on March 13, 1992.  Ms.

19 McColm transferred the case to Small Claims Court despite the

20 defendant's objections on December 29, 1992.  A Judgment was

21 eventually entered against the plaintiff on January 15, 1993.

22 _____

23      ` <u>McColm v. Bank of America</u> also satisfies the requirements
   under Section 391(b)(3).  Ms. McColm filed her complaint on April
24 26, 1990, in Municipal Court.  The plaintiff served the complaint
   on the defendant on March 13, 1992.  Throughout the litigation,
25 Ms. McColm a pursued strategy of repetitive motions, ex parte
   applications, and requests for protective orders.  Ms. McColm
26 refused to appear at scheduled depositions on two occasions.
   Moreover, the Court sanctioned Ms. McColm $250 when she failed to
27 appear for a court ordered deposition.

28                                    9

1

2      7.   <u>McColm v. French</u>, civ. no. 051444.  The complaint was

3   filed in Municipal Court on November 19, 1990.  Court files

4   indicate that no action has been taken since the filing of a

5   cross-complaint on December 27, 1990.  This lawsuit appears to be

6   subject to mandatory dismissal pursuant to Section 583.310 et.

7   seq.

8      8.   <u>McColm v. Trustees of California State University</u>, no.

9   C802756 MHP.  Ms. McColm filed this case in the Northern District

10  of California on June 26, 1980.  The court entered judgment for

11  the defendants on November 11, 1992.  The court denied

12  plaintiff's motion for a new trial on March 27, 1992.

13

14  SECTION 391(b)(3)

15

16      The uncontroverted evidence further shows that Ms. McColm

17  falls within the definition of a vexatious litigant under section

18  391(b)(3).  Specifically, Ms. McColm filed unmeritorious motions

19  in <u>McColm v. Nelson</u>, civ no. 853343, and engaged in tactics that

20  are frivolous or solely intended to cause unnecessary delay in

21  _____

22      [7] This Court also notes that the following cases, filed by
    plaintiff in propria persona in San Francisco County Superior
23  Court, are the subject of pending orders to show cause why the
    actions should not be dismissed for plaintiff's failure to comply
24  with Local Rules 2.0, 2.3, and 2.4: <u>McColm v. Dow Jones &
    Company, Inc.</u>, civ. no. 960639, <u>McColm v. Morrissey</u>, civ. no.
25  962683, <u>McColm v. King World Productions</u>, et. al., civ. no.
    963838, <u>McColm v. Alvarez</u>, civ. no. 963683, <u>McColm v. Capitol
26  Cities/ABC, Inc.</u>, civ. no. 963876, <u>McColm v. TransAmerica
    Insurance Group</u>, civ. no. 965600, and <u>McColm v. Jordan</u>, civ. no.
27  965774.

28                              10

1 | <u>McColm v. Sangiacomo</u>, civ no. 940930. Section 391(b)(3) provides
2 | that a vexatious litigant is a person, who, "in any litigation,
3 | while acting in propria persona, repeatedly files unmeritorious
4 | motions, pleadings, or other papers, conducts unnecessary
5 | discovery or engages in other tactics that are frivolous or
6 | solely intended to cause unnecessary delay." (Section 391(b)(3)).

7 | The record shows that Ms. McColm, while acting in propria
8 | persona in the case of <u>McColm v. Nelson</u>, civ. no. 853343, filed
9 | fifteen discovery motions within a sixty-day period all of which
10 | were denied. The Court sanctioned Ms. McColm five times for
11 | filing unmeritorious motions. Moreover, Ms. McColm filed
12 | approximately twenty-one Law and Motion matters in <u>Nelson</u> all of
13 | which were determined adversely against her. The defendant
14 | noticed plaintiff's deposition seven times because she repeatedly
15 | failed to attend previously scheduled depositions. An
16 | independent medical examination was not performed until four and
17 | a half years after the alleged accident. The trial itself
18 | commenced seven years after the alleged accident. Ultimately,
19 | the trial court entered sanctions amounting to over $70,000,
20 | against Ms. McColm. The case is currently pending before the
21 | First District Court of Appeal.

22 | During oral argument, Ms. McColm did not controvert the
23 | record or offer any justification for any of her litigation
24 | tactics or techniques. Rather, she contended that it was
25 | improper for the Court to consider <u>McColm v. Nelson</u> because
26 | Jordan's Amended Supplemental Notice did not cite the case.
27 |
28 |

11

1  (Transcript of the Hearing 15:22-15:26). This argument is

2  without merit. The Amended Supplemental Notice and Motion filed

3  by the defendant incorporated the Request for Judicial Notice

4  that had been previously filed. The Request for Judicial Notice

5  specifically cited <u>McColm v. Nelson</u>, (Defendants' Request for

6  Judicial Notice Pursuant to Local Rule 42 filed July 31, 1995,

7  Para. 16), and the Court takes judicial notice of <u>McColm v.</u>

8  <u>Nelson</u> pursuant to Cal. Evid. Code sec. 452(c) and 452(d) and

9  Local Rule 42. Therefore, it is proper for this Court to

10 consider <u>McColm v. Nelson</u> in the instant motion.

11      Ms. McColm's conduct in <u>McColm v. Sangiacomo</u>, civ. no.

12 940930, further demonstrates her propensity to engage in tactics

13 that are frivolous or solely intended to cause unnecessary delay.

14 In <u>Sangiacomo</u>, the defendant served Ms. McColm on March 12, 1992,

15 with a notice of deposition scheduled for April 23, 1992. When

16 she failed to appear for the deposition, the defendant filed a

17 motion to compel. Commissioner Richard Best granted the motion

18 to compel on June 8, 1992, and sanctioned Ms. McColm $500 (Minute

19 Order filed June 9, 1992). The defendant renoticed the deposition

20 for July 16, 1992. Defendant gave Ms. McColm over 30 days

21 notice. On June 22, 1992, Ms. McColm filed a Motion for

22 Reconsideration of Commissioner Best's decision and noticed the

23 hearing date for September 16, 1994, some two months after the

24 scheduled court ordered deposition. Ms. McColm failed to appear

25 for the deposition on July 16, 1995, and to satisfy the sanction

26 against her. As a result of her failure to appear, the defendant

27

28                    12

1 | moved to dismiss the case on August 19, 1992. Instead of
2 | dismissing the case, the Court ordered Ms. McColm to appear for
3 | deposition at 2:00 p.m. on August 28, 1992. The court imposed a
4 | sanction in the amount of $1000 against Ms. McColm and precluded
5 | her from filing further discovery motions until her deposition
6 | was taken. The Court further ordered that the deposition might
7 | only be continued or reset by stipulation with defense counsel or
8 | order of the Court (Order Compelling Plaintiff's Deposition and
9 | Awarding of Monetary Sanctions, filed August 19, 1992). On
10 | August 24, 1992, Ms. McColm appeared before the Court for an ex-
11 | parte order to continue the deposition and for a protective
12 | order. In denying the order, the Court found that the ex-parte
13 | motion was brought without substantial justification. The court
14 | found that her request for protective order was in violation of a
15 | prior Court Order (Order After Hearing filed August 25,1992). On
16 | the morning of August 28, 1992, Ms. McColm informed defendant's
17 | counsel that she would not be appearing for the deposition and
18 | would be serving him with a Writ of Prohibition. Defendant's
19 | counsel was served at 1:46 p.m. on that day. The Writ of
20 | Prohibition was filed before the Court of Appeal, First District
21 | between 4:00 - 4:30 p.m., some two hours after the scheduled
22 | deposition. The Court of Appeal denied the Writ of Prohibition
23 | on August 31, 1995. Ms. McColm's tactics in <u>McColm v. Sangiacomo</u>
24 | ultimately led the court to enter a terminating sanction against
25 |
26 |
27 |
28 | 13

1  her.[8]

2      In addition to her efforts to delay her deposition in <u>McColm</u>

3  <u>v. Sangiacomo</u>, Ms. McColm also filed meritless motions to: 1)

4  quash defendant's subpoena seeking treatment records regarding

5  alleged dental injuries as set forth in plaintiff's Answers to

6  Interrogatories; 2) compel further Answers to Interrogatories

7  which were irrelevant and oppressive; and 3) compel further

8  responses to her production demands which were irrelevant,

9  duplicative, and oppressive.  The Court sanctioned Ms. McColm

10  $700 for bringing these motions.

11

12  APPLICABILITY OF SECTION 391(b)(3)

13      At oral argument, Ms. McColm contended that section

14  391(b)(3) is only applicable when a litigant, in propria persona,

15  repeatedly files unmeritorious motions in the very proceeding in

16  which the other party sought to have the litigant declared as

17  vexatious.  Ms. McColm quoted, verbatim, a passage from <u>Camerado</u>

18  <u>Ins. Agency Inc. v. Superior Court</u>, (1993) 12 Cal. App.4th 838 to

19  support her position.  That passage states that "[although] the

20  second and third acts described in [section 391(b)] refer to a

21  person acting in propria persona in the very proceeding in which

22  a defendant attempts to obtain an order requiring the plaintiff

23  ────────────────────

24      [8] As further evidence of Ms. McColm's tactics for
   unnecessary discovery with the intent to cause delay, in <u>McColm</u>
25  <u>v. Musante</u>, civ. no. 020710/706309, Judge Quidachay, then the
   presiding judge of the Municipal Court of San Francisco found the
26  "[p]laintiff's use of the discovery and subpoena process in this
   case were excessive, duplicative, and abusive." (Decision and
27  Order filed December 20, 1991).

28                              14

1  to furnish security, the first and fourth do not." (Transcript of

2  Hearing, p. 16:21-16:25, <u>Camerado Ins. Agency Inc.</u>, (1993) 12

3  Cal. App.4th at 842). While a cursory reading of the passage

4  suggests that section 391(b)(3) is applicable only to the

5  litigant's conduct in the very proceeding in which she is sought

6  to be declared vexatious, a closer reading of the case suggests

7  otherwise⁶.

8      In <u>Camerado Ins. Agency Inc.</u>, the defendant sought to have

9  the plaintiff declared vexatious pursuant to section 391(b)(1).

10  (<u>Id.</u> at 840). The trial court denied the motion because

11  plaintiff was represented by counsel in the proceeding in which

12  the vexatious litigant motion was brought. The trial court

13  reasoned that section 391 applies only to litigants acting in

14  propria persona in the civil action in which the vexatious

15  litigant motion is brought. (<u>Id.</u>) The Court of Appeal reversed

16  holding that the trial court's "construction of the vexatious

17  litigant statute, as applying only to litigants acting in propria

18  persona in the litigation in which the motion is brought, is

19  inconsistent with the plain language of the statute, its

20

21      ⁶ The Court notes, but does not decide, that Ms. McColm's
    conduct in the present case may be considered to support a
22  finding of tactics designed to cause unnecessary delay. As noted
    above, the case was filed on December 13, 1994, but was not
23  served until July 18, 1995. Following service, the defendant
    filed the instant motion. Ms. McColm sought and obtained a six-
24  week extension of time in order to respond to Mr. Jordan's
    motion. The motion was originally set for hearing on August 21,
25  1995. On the eve of the continued hearing, Ms. McColm abruptly
    moved to disqualify Judge Garcia and purportedly sought to
26  disqualify Judge William Cahill. Ms. McColm's challenges
    resulted in an <u>eight-week delay</u> of the continued hearing date.
27

28                                    15

1  legislative history, policy, case law and commentary." (<u>Camerado</u>

2  <u>Ins. Agency Inc.</u>, (1993) 12 Cal. App.4th at 840).  The Court of

3  Appeal went on to hold that the term "plaintiff" for the purposes

4  of section 391 is a person who commences, institutes or maintains

5  a litigation and not a person acting in propria persona. (<u>Id.</u> at

6  842).

7       When read in the context of the case, it is clear that the

8  passage, quoted by Ms. McColm, stands for the position that a

9  person may be declared vexatious for conduct in prior litigations

10 defined by section 391(b)(2) and (3) only if she is acting in

11 propria persona in the very proceeding in which the vexatious

12 litigant motion is brought, whereas, section 391(b)(1) and (4)

13 would apply even if the litigant is represented by counsel in the

14 proceeding in which the motion is brought.[13]  Since Ms. McColm is

15 representing herself in propria persona in this action, the Court

16 may properly declare her a vexatious litigant under section

17 391(b)(3) for her conduct in <u>McColm v. Nelson</u> and <u>McColm v.</u>

18 <u>Sangiacomo</u>.

19

20 <u>REASONABLE PROBABILITY OF SUCCESS</u>

21      Pursuant to Section 391.1 a motion to require security, must

22 be based on the ground, and supported by a showing, that the

23 plaintiff is a vexatious litigant and that there is not a

24

25      [13] Furthermore, Ms. McColm's position contradicts the plain
26 meaning of the section which defines a plaintiff as being
   vexatious when she files unmeritorious motions or engages in
27 frivolous tactics in "any" litigation.

28                              16

1  reasonable probability that he or she will prevail in the
2  litigation against the moving defendant.  As discussed above,
3  this Court finds sufficient evidence to support a showing that
4  Ms. McColm is a vexaticus litigant within the meaning of section
5  391.  This Court now addresses Ms. McColm's probability of
6  success in the instant litigation.

7       To satisfy its burden of showing that the plaintiff has no
8  reasonable probability of prevailing, the defendant must show
9  that the plaintiff's recovery is foreclosed as a matter of law or
10 that there are insufficient facts to support recovery by the
11 plaintiff on its legal theories.  (Devereaux v. Latham & Watkins,
12 (1995) 32 Cal.App.4th 1571,1583).  Applying the second standard
13 to the plaintiff's claims, the Court concludes that there is no
14 reasonable probability she would prevail on her claims.

15      Ms. McColm's complaint alleges that Mr. Jordan assaulted her
16 at her home.  Mr. Jordan has no prior criminal history and no
17 history of abusive or violent behavior.  Furthermore, Mr. Jordan
18 has filed a declaration stating that he never struck Ms. McColm.
19 Ms. McColm claims otherwise.  A police report relating to her 911
20 call states that the investigating officer noted that there were
21 no "visible signs of injury."  (Exhibit C to the Declaration of
22 Alexander Bannon in support of Defendant's motion to have
23 plaintiff declared a vexatious litigant, filed July 28, 1995,
24 hereinafter "Bannon Decl.").  Ms. McColm claims that her toe was
25 broken, but Ms. McColm's medical records concluded that "no
26 fractures are demonstrated." (Exhibit D to Bannon Decl.).  In
27
28                              17

1 support of her claim of physical injury Ms. McColm presents to
2 this Court an *undated* photograph of her toe. Clearly this
3 evidence is insufficient to support the conclusion that the
4 plaintiff has a reasonable probability of success on the merits
5 of her claim.

6      Ms. McColm's complaint also alleges criminal trespass,
7 despite the fact that Mr. Jordan was on Ms. McColm's property at
8 her request and with her consent. Ms. McColm also claims that
9 Mr. Jordan conducts his business in a fraudulent manner to induce
10 reliance by patrons on false representations. Mr. Jordan states
11 in his declaration, that his advertisements are accurate and that
12 all equipment reflected in the ads are on his premises.
13 Furthermore, Mr. Jordan also attaches to his declaration a copy
14 of the Consumer ValueStar - a symbol of high customer
15 satisfaction issued by ValueStar Inc. based upon a survey
16 conducted by the Public Research Institute of San Francisco State
17 University. Finally, Ms. McColm claims that Mr. Jordan took one
18 of her rugs after she called 911. However, in her declaration
19 Ms. McColm acknowledges that she told Mr. Jordan that she would
20 not pay for the services that he provided. Thus, there is a
21 strong argument that Mr. Jordan is entitled to a valid possessory
22 lien. (Cal. Civ. Code sec. 3051).

23      There are no witnesses to the alleged assault other than the
24 litigants. Moreover, the existence of an injury is highly
25 doubtful. In short, this Court must rely upon its assessment of
26 the credibility of the opposing parties.

27

28                                      18

1    Therefore, based upon the entire record submitted in this

2    matter, this Court finds that Ms. McColm has no reasonable

3    probability of prevailing in this litigation.

4

5    <u>ORDER TO FURNISH SECURITY PURSUANT TO SECTION 391.1</u>

6    Plaintiff's claim that the defendant is precluded from

7    bringing the motion to require her to furnish security because of

8    her in forma pauperis status is without merit. Ms. McColm cited

9    <u>Muller v. Tanner</u>, (1969) 2 Cal. App.3d 445, for the proposition

10    that the court can never require security when a party is

11    proceeding in forma pauperis. However, the court in <u>Muller</u>

12    specifically found that the plaintiff's attack on the

13    constitutionality of the vexatious litigant statute was

14    unwarranted and without merit. In reaching its decision, the

15    court held that the restriction of the vexatious litigant statute

16    and the right to proceed in forma pauperis are "complementary not

17    conflicting." (<u>Id.</u> at 454). The Court reasoned that only when

18    the trial court determines that a plaintiff has a reasonable

19    probability of success would a conflict arise between the

20    statutory restriction and the common law right to proceed in

21    forma pauperis. Under this circumstance, the statutory

22    restriction would have to yield to the common law right to

23    proceed in forma pauperis. (<u>Id.</u>)

24    In the instant case, this Court found that Ms. McColm does

25    not have a reasonable probability of success against Mr. Jordan.

26    Thus, this Court may properly grant the motion requiring

27

28                          19

1  security.   This Court has determined that $25,000 is an

2  appropriate amount based upon the evidence submitted.

3

4  PREFILING ORDER PURSUANT TO SECTION 391.7

5       The Court grants Defendant Jordan's motion to require a

6  prefiling order pursuant to section 391.7.  In reaching its

7  decision, this Court is not unmindful that such an order is a

8  drastic measure and should be taken only after less drastic

9  determinations and sanctions have been considered.  In this case,

10  due to an indescribable morass of intertwining litigation in the

11  State Courts, it would be a most tedious job to articulate all

12  the reasons why a prefiling order is appropriate in this case.  A

13  few should suffice.  Ms. McColm commenced in excess of thirty

14  cases.  She filed many of these cases in Superior Court and

15  subsequently transferred to Municipal Court on her own motion.

16  She has flagrantly ignored orders of the court.  She repeatedly

17  failed to satisfy any court imposed sanctions against her for

18  abusing the legal process.  There is no reason to expect that any

19  less drastic measures will be effective in deterring Ms. McColm's

20  conduct.  This Court is left with the inescapable conclusion that

21  the only effective remedy for controlling Ms. McColm's propensity

22

23  _____

24       ¹ Ms. McColm dismisses cases or parties after involving
     them in an expensive litigation process.  See e.g., McColm v.
     City and County of San Francisco Dept. of Public Works, civ. no.
25   952446, filed in San Francisco Superior Court on June 6, 1993.
     Ms. McColm dismissed this case on June 6, 1994.  McColm v. Dow
26   Jones & Co., civ. no. 960639, Ms. McColm filed this case in
     Superior Court on May 5, 1994.  Ms. McColm dismissed this case on
27   February 17, 1995.

28                                  20

1 | for abuse is to impose a prefiling order requirement.

2

3 | CONCLUSION

4 | In conclusion, this Court finds that plaintiff, Patricia A.

5 | McColm is a vexatious litigant within the meaning of Section 391.

6 | Ms. McColm has no reasonable probability of success in this

7 | litigation.  Therefore, it is proper for this Court to require

8 | security in the amount of $25,000.  Furthermore, based upon the

9 | plaintiff's past history of abusing the legal process, this Court

10 | requires Ms. McColm to obtain a prefiling order prior to

11 | commencing additional litigation.

12

13

14 | Dated: December 15, 1995

15 | By: _____

16 | Honorable David A. Garcia
Judge of the Superior Court

17

18

19

20

21

22

23

24

25

26

27

28

21

CALIFORNIA SUPERIOR COURT

CITY AND COUNTY OF SAN FRANCISCO

DEPARTMENT NUMBER TEN

PATRICIA McCOLM,          )  NO. 965774
                        )
       Plaintiff,       )
                        )
   vs.                    )
                        )
DAVID JORDAN, et al.,      )
                        )
       Defendants.      )
————————————————————————)

CERTIFICATE OF SERVICE BY MAIL
(Code Civ. Proc. § 1013a(4))

     I, ALAN CARLSON, Clerk of the Superior Court of the City and County of San Francisco, certify that I am not a party to the within action; that I served a copy of the attached:

**ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT, REQUIRING PLAINTIFF TO FURNISH SECURITY, AND REQUIRING A PREFILING ORDER FOR FUTURE LITIGATION**

by placing said copy in an envelope addressed to the following:

Jeffrey G. Nevin                 Patricia McColm
LAW OFFICES OF JEFFREY G. NEVIN    579 Mirmar Avenue
180 Grand Avenue Suite 1380       San Francisco, CA 94112
Oakland, CA 94612

Judicial Council of California
Administrative Office of the
Courts
303 Second Street, South Tower
San Francisco, CA    94107

which envelope was then sealed and postage fully prepaid thereon, and thereafter was on ___*DECEMBER 15, 1995*___, deposited in the United States mail at San Francisco, California.

     DATED: *DECEMBER 15, 1995*     ALAN CARLSON, Clerk

                         By: _____ Deputy

1

**KENNY, SNOWDEN**
2     **& NORINE**

A LAW CORPORATION
3     P.O. BOX 994608
REDDING, CA 96099-4608
4     (530) 225-8990

FAX: (530) 225-8944
5

6   MARGARET ENGELHARDT LONG, SBN 227176

7   Attorneys for RESTORATION GROUP, INC. dba
PUROFIRST DISASTER & RECONSTRUCTION;
8   ROBERT CHRONIC

9

10            **UNITED STATES BANKRUPTCY COURT**

11

12            **EASTERN DISTRICT OF CALIFORNIA**

13
In re:                     CASE NO. 09-00206-C
14

15   DAVID R. MICHAL,

16        Debtor            **RESPONSE TO ORDER TO SHOW**
**CAUSE; DECLARATION OF**
                              **STACEY WOODARD**
17   ————————————————/

18   PATRICIA A. MCCOLM,

19         Plaintiffs,        Northern District of Georgia
Case No 05-80212
20   vs.
                          Adversary No. 06-9036
21   DAVID R. MICHAL, ET. AL.

22

23         Defendants.

     ————————————————/

24

25      I, STACEY WOODARD declare as follows:

26       1. I am a legal secretary with the law firm of Kenny, Snowden & Norine, attorneys of record

27   for RESTORATION GROUP, INC., dba PUROFIRST DISASTER & RECONSTRUCTION and

28

———————————————————————————————————————

Exhibit "B"

ROBERT CRONIC in a lawsuit filed in the Superior Court of California, Shasta County case number 153509.

2. The matters which are embraced within this declaration are matters which are within my personal knowledge, and if called upon to testify, I would and could competently testify as follows:

3. On October 14, 2009, I was asked by Margaret Long to contact Patrica McColm to advise her that this office would be representing Robert Cronic in a deposition that she had subpoenaed him for, and that due to a calendar conflict, counsel was unavailable on the date the deposition was scheduled. I was instructed to provide alternative dates for the deposition.

4. On October 14, 2009, I left a detailed voice mail message at the telephone number in our file for Ms. McColm. I then mailed a confirming letter to Ms. McColm and faxed a copy to her attorney, David Griffith. Attached hereto as Exhibit "B-1" is a true and correct copy of that letter.

5. Ms. McColm returned my phone call on October 14, 2009, and advised me that our telephone conversation was being recorded. She did not ask my permission to do so. I did not consent to the recording of the call. Ms. Mcolm's demeanor was hostile for the duration of the call. I attempted to explain Ms. Long's unavailability and repeatedly offered to reschedule the deposition to October 28 and 29 and November 16 and 17, 2009. She was unwilling to discuss alternative dates for the deposition, but rather attempted to engage in discussions about the lawsuit. She was extremely rude and was shouting so loud that I had to put the call on speaker phone. I advised her that I was not an attorney and would not discuss anything beyond calendaring with her. I repeatedly stated that counsel for Mr. Cronic was not available on October 15th, and that Mr. Cronic would not be present on that date for deposition.

6. Finally, Ms. McColm requested that we put our alternative dates for the deposition of Mr. Cronic in a letter to her and fax the letter to her attorney, David Griffith. Ms. McColm stated that she intended to use our letter in her request for a continuance of the trial in this matter.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. Executed this ___7th___ day of December, 2009 at Redding, California.

X _Stacey Woodard_
STACEY WOODARD

6730/129944

KENNY, SNOWDEN &
NORINE
A LAW CORPORATION
P.O. BOX 994608
REDDING, CA 96099-4608

Response to Order to Show Cause; Declaration of Stacey Woodard

# KENNY, SNOWDEN & NORINE

**A LAW CORPORATION**
2701 PARK MARINA DRIVE
REDDING, CALIFORNIA 96001-2805
www.ksn-law.com

JOHN SULLIVAN KENNY
KELLY J. SNOWDEN
JONZ NORINE
MARGARET ENGELHARDT LONG
LINDA R. SCHAAP

MAILING ADDRESS:
POST OFFICE BOX 994608
REDDING, CA 96099-4608
530-225-8990
FAX 530-225-8944

October 14, 2009

Patricia McColm
P. O. Box 27274
San Francisco, CA 94127

Patricia McColm
P.O. Box 493037
Redding, CA 96049

Re:   *McColm v. Michal, et al.*
      Northern District of Georgia 05-80212
      Deposition of Robert Cronic

Dear Ms. McColm:

Please be advised that Robert Cronic has requested that this office represent him concerning the deposition and the demand for production of documents scheduled in the above-entitled matter for October 15, 2009.

Please be advised that I am unavailable on October 15, 2009 due to previously scheduled matters, and Mr. Cronic is also unavailable for deposition on October 15, 2009. My assistant, Stacey, left a voice mail message for you regarding my unavailability, and requested that you contact us to arrange an alternative date.

Very truly yours,

KENNY, SNOWDEN & NORINE

MARGARET ENGELHARDT LONG
MAE/srw
6730:129441

cc: David Griffith, via fax: 894-2103

Exhibit "B-1"

# KENNY, SNOWDEN & NORINE

A LAW CORPORATION
2701 PARK MARINA DRIVE
REDDING, CALIFORNIA 96001-2805
www.ksn-law.com

JOHN SULLIVAN KENNY
KELLY J. SNOWDEN
JONZ NORINE
MARGARET ENGELHARDT LONG
LINDA R. SCHAAP

MAILING ADDRESS:
POST OFFICE BOX 994608
REDDING, CA 96099-4608
530-225-8990
FAX 530-225-8944

October 14, 2009

Patricia McColm
P. O. Box 27274
San Francisco, CA 94127

Patricia McColm
P.O. Box 493037
Redding, CA 96049

Re: *McColm v. Michal, et al.*
Northern District of Georgia 05-80212
Deposition of Robert Cronic

Dear Ms. McColm:

This follows your conversation with my assistant, Stacey, regarding alternative dates for the deposition of Robert Cronic and the demand for inspection, currently scheduled in the above-entitled matter for October 15, and 16, 2009.

I have not had an opportunity to review your subpoenas, therefore, I am not waiving my client's right to object to specific requests, if appropriate.

You were informed that I am unavailable on October 15, 2009 due to previously scheduled matters. My availability is as follows: October 28 and 29, 2009, or November 16 and 17, 2009.

Please confirm in writing which dates work best with your calendar. In the future, please communicate with this office only by fax.

Very truly yours,

KENNY, SNOWDEN & NORINE

MARGARET ENGELHARDT LONG
MAE/srw
6730:129415

cc: David Griffith, via fax: 894-2103

Exhibit "C"

Filed 12/08/09     Case 09-00206     Doc 4

**PATRICIA A. McCOLM**
**P.O. BOX 27274**
**San Francisco, CA 94127**
**(415) 333-8000**

RECEIVED

OCT 1 4 2009

KENNY, SNOWDEN
& NORINE

| | DIARY .......................d. |
| | FILE |
| | NEED FILE |
| | ...6730 |

October 14, 2009

Margaret E. Long
KENNY SNOWDEN
2901 Park Marina Drive
Redding, CA 96001
Fax to: (530) 225-8944

Re: McColm v Michal; CONFIRMATION OF ROBERT CRONIC'S
REFUSAL TO COMPLY WITH SUBPOENAS

Dear Ms. Long:

This correspondence confirms that earlier this date, your assistant advised that your
Robert Cronic would not be appearing for his deposition scheduled for October 15, 2009 a
inspection demands; including inspection of the personal property on October 16, 2009, w
any reason stated.

After being advised that I would be moving to compel as I had traveled five hours
any earlier response to my numerous inquiries over the past 10 days. I was told to call bac
the end of the day, when your assistant advised that a fax had been prepared about alternat
dates at the end of October or Mid-November. She was told those dates were unacceptabl
to impending close of discovery and other time limited conflicts and that absent a court or
extension of discovery / trial date, that a motion to compel would have to be filed by the d
suggested; and thus, the dates appeared to be in bad-faith.

However I will tell the court that upon order compelling/extending, you will be ava
on the dates stated.

As you are aware, the issue is the current status of the personal property and wheth
not Mr. Cronic has in his possession, each item taken out of the real property at 925 South
Redding under the partnership license with Mr. Michal. Until all the personal property is
returned, the partnership may continue to be found liable.

Your early attention to any assistance you can provide in resolving the issue would

Exhibit "D"

appreciated.

Sincerely,

Patricia A. McColm, J.D.

P.S. I belatedly got access to a computer with a program that is outside my use knowledge correction of your fax was urgent. It is unfortunate you refuse to speak directly with me to resolve any communication issues as your fax is misleading.

appreciated.

Sincerely,

Patricia A. McColm, J.D.

P.S.  I belatedly got access to a computer with a program that is outside my use knowledge. Correction of your fax was urgent. It is unfortunate you refuse to speak directly with me to resolve any communication issues as our fax is misleading.

RE:     United States Bankruptcy Court, Easter District of California, Case No. 09-00206-C

## PROOF OF SERVICE

I am employed in the County of Shasta, State of California, I am over the age of eighteen years and not a party to the foregoing action, my business address is 2701 Park Marina Drive, Redding, California 96001-2805.

I am familiar with this company's practice of placing its daily mail, with postage prepaid thereon, in a designated area for deposit in a U.S. mailbox in the City of Redding, California, after the close of the day's business.  On the date shown below, I served,

## RESPONSE TO ORDER TO SHOW CAUSE

__XX__          **BY MAIL** on the parties in said action, by placing a true copy thereof in a sealed envelope with postage fully prepaid thereon, and placing said envelope in the area designated for outgoing daily mail, addressed as follows:

| | |
|---|---|
| Patricia McColm | Charlton & Glover |
| P. O. Box 27274 | 87 Vickery Street |
| San Francisco, CA  94127 | Roswell, GA 30075 |
| | |
| US Bankruptcy Court | David R. Griffith, Esq. |
| Eastern District of California | STEWART HUMPHERYS |
| 501 I Street, Suite 3-200 | BURCHETT & MOLIN |
| Sacramento, CA 95814 | Professional Plaza |
| | 3120 Cohasset Road – Suite 6 |
| | Chico, CA 95973 |

____          **BY FACSIMILE:**  I caused the document to be transmitted by facsimile machine compliant with Rule 2003 of the California Rules of Court to the offices of the addressees at the telephone numbers shown on the service list:

____          **BY FEDERAL EXPRESS:**  I am readily familiar with my employer's practice for the collection and processing of FedEx packages.   Under that practice, packages would be deposited with FedEx that same day, with overnight delivery charges thereon fully prepaid, in the ordinary course of business:

I declare under penalty of perjury that the foregoing is true and correct.  Executed December 7, 2009, at Redding, California.

_Stacey Woodard_
Stacey Woodard